**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                          **Case No. 3:18cr046/MCR**

**KEENAN J. BOGGAN.**

_____/

**ORDER**

Defendant Keenan J. Boggan pled guilty to one count of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Boggan's final Presentence Investigation Report ("PSR") assigned him an enhanced base offense level of 26, pursuant to U.S.S.G. § 2K2.1, based on two prior convictions for "crimes of violence" in Florida—one for resisting an officer with violence under Fla. Stat. § 843.01, and one for felony battery with great bodily harm under Fla. Stat. § 784.041.[1] Boggan objects. More specifically, Boggan argues that the amended judgment for his state court battery conviction reflects that he was convicted of felony battery under Fla. Stat. 783.03(2), which he claims does not qualify as a "crime of violence" for purposes of § 2K2.1.[2] For the following reasons, Boggan's objection is overruled.

---

[1] Based on a total offense level of 31 and a criminal history category of VI, Boggan's Guideline range was 188 to 235 months; however, the Guideline term of imprisonment became 120 months due to the statutory maximum. *See* U.S.S.G. § 5G1.1(a).

[2] Boggan concedes that his prior conviction for resisting an officer with violence, under Fla. Stat. § 843.01, qualifies as a crime of violence under the elements clause of U.S.S.G. § 2K2.1.

A brief recitation of the procedural history surrounding Boggan's state court battery conviction is necessary to the disposition of his objection in this case. Boggan was originally charged with aggravated battery, in violation of Fla. Stat. § 784.045. *See* Information, ECF No. 62-1 at 2. Thereafter, Boggan entered a *nolo* plea to "felony battery."[3] *See* Plea and Sentencing Agreement, ECF No. 62-2 at 2. Nevertheless, the original judgment for this conviction erroneously reflected that Boggan was convicted of aggravated battery under § 784.045.

On January 29, 2013, Boggan filed a motion for clarification of judgment and sentence in the state trial court. *See* State Court Motion, ECF No. 62-5. Boggan maintained that the original judgment incorrectly reflected a conviction for aggravated battery, instead of the lesser-included offense of felony battery with great bodily harm to which he ultimately entered a plea, as "stipulated to and agreed to in open court and for the record by all involved parties."[4] *See id*. at 2. The state trial

---

*See United States v. Joyner*, 882 F.3d 1369, 1378 (11th Cir. 2018) (ACCA); *United States v. Baez*, 720 App'x 984, 987 (11th Cir. 2017) (U.S.S.G. § 2K2.1).

[3] The Plea and Sentencing Agreement signed by Boggan and his attorney does not identify which of Florida's two felony battery statutes—Fla. Stat. § 784.03(2) or § 784.041(1)—was the basis for his *nolo* plea. Felony battery under Fla. Stat. § 784.03(2) requires proof that a defendant: (1) committed a simple battery; and (2) at the time, had one or more prior convictions for simple battery, aggravated battery, or felony battery. *See Osborn v. State*, 177 So.3d 1034, 1035 (Fla. 1st DCA 2015). Felony battery under Fla. Stat. § 784.041(1) is committed where a defendant: (1) actually and intentionally touches or strikes another person without consent; and (2) causes great bodily harm, permanently disability, or permanent disfigurement.

[4] In support of his motion, Boggan offered a copy of the Criminal Punishment Code Scoresheet from his sentencing, which reflects that the primary offense of conviction used in calculating his sentence was felony battery with great bodily harm. *See* State Court Motion, ECF No. 62-5 at 6.

court granted Boggan's motion and directed the clerk of court to enter an amended judgment reflecting a conviction for "felony battery with great bodily harm, a violation of Fla. Stat. § 784.045." *See* State Court Order, ECF No. 62-6 at 3-4. The clerk of court entered an amended judgment; however, this time, the document erroneously reflected a conviction for felony battery under Fla. Stat. § 784.03(2). *See* Amended Judgment, ECF No. 59-1 at 1.

Boggan does not dispute that the amended judgment contains an error with respect to the statute under which he was convicted. *See* Reply, ECF No. 65. Instead, Boggan argues only that the error in the amended judgment must stand because the time for challenging the judgment expired when he completed his state court sentence for the offense in February 2015. This is incorrect.

To begin with, it is clear from the state court record that there is a discrepancy between the state trial court's written order pronouncing the amended judgment (felony battery with great bodily harm under Fla. Stat. § 784.045) and the clerk of court's written record of that amended judgment (felony battery under § 784.03(2)). It also is clear that this discrepancy is the result of a purely clerical, scrivener's error on the part of the clerk of court, and not a judicial or substantive error.[5] Indeed, the Eleventh Circuit has routinely characterized circumstances like those present in this case—that is, where a clerk cited the wrong statute in a judgment of conviction—as

---

[5] A scrivener's error is "an error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination." *See* Black's Law Dictionary (10th ed. 2014)

clerical or scrivener's errors. *See United States v. Brown*, 772 F.3d 1262, 1268 (11th Cir. 2014) (scrivener's error where written judgment reflected incorrect statute of conviction); *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011) (clerical error where written judgment reflected incorrect statute of conviction). Importantly, clerical errors, unlike substantive errors, may be corrected at any time. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004); *see also Wells v. State*, 796 So.2d 1276, 1277 (11th Cir. 2001).

Under both federal and Florida law, where there is a discrepancy between the trial court's oral adjudication and the clerk's written judgment, the oral pronouncement controls, as it constitutes the actual judgment. *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000); *Spatcher v. State*, 228 So.3d 1162, 1163-64 (Fla. 1st DCA 2017). Correcting an error in a clerk's judgment carries no legal consequences and does not lead to a new judgment because the court's judgment itself does not change, only the written record that erroneously reflects that judgment changes. *See Portillo*, 363 F.3d at 1164. The Court finds no distinction between a trial court's written pronouncement of judgment and sentence, and an oral pronouncement, for purposes of this rule.

Applying the rule in this case, where there is a discrepancy between the statute of conviction cited in the state trial court's written pronouncement and the statute referenced in the clerk's amended judgment, the trial court's written pronouncement controls. Thus, consistent with the trial court's written pronouncement, *see* State

Court Order, ECF No. 62-6 at 3, the Court finds that Boggan was convicted of felony battery with great bodily harm, in violation of Fla. Stat. § 784.045.

Because a conviction under Fla. Stat. § 784.045 categorically qualifies as a "crime of violence" under the elements clause of U.S.S.G. § 2K2.1, *see United States v. Vail-Bailon*, 868 F.3d 1293, 1295 (11th Cir. 2017), Boggan has the two predicates necessary to support the § 2K2.1 enhancement. [6] Accordingly, Boggan's objection to the enhancement is overruled.

**SO ORDERED**, on this 11th day of October, 2018.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court observes that even if it were to find that Boggan was convicted of felony battery under Fla. Stat. § 784.03(2), which requires, *inter alia*, proof of simple battery under § 784.03(1), the conviction would still qualify as "crime of violence." As the Court explained in *United States v. Lee,* Fla. Stat. § 784.03(1) encompasses two distinct battery offenses: (1) touch or strike battery, which is not a crime of violence; and (2) bodily harm battery, which is a crime of violence. *See* Case No. 3:17cr63, ECF No. 44 at 13. Because the simple battery statute is divisible, the Court would apply a modified categorical approach and look to *Shepard* documents to determine which battery offense formed the basis of Boggan's conviction. *See id.* In this case, the relevant *Shepard* documents (*i.e.*, the arrest report that was incorporated by reference and agreed to by Boggan in his plea agreement as the factual basis for his *nolo* plea) demonstrate that Boggan was convicted of bodily harm battery (the victim sustained a facial laceration, a bite mark to the chest, and a broken nose).

Case No. 3:18cr046